# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK FINLEY,

                 Plaintiff,             :         Case No. 3:12-cv-242

                                                District Judge Thomas M. Rose
     -vs-                              Magistrate Judge Michael R. Merz
                              :

BRANDON HAYES, et al.,

                 Defendants.

---

# REPORT AND RECOMMENDATIONS

---

      This action is before the Court for review prior to issuance of process.    Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c).   §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).   The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992);   *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court   "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,   see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading

2

> must contain something more ... than ... a statement of facts that
> merely creates a suspicion [of] a legally cognizable right of action"),
> on the assumption that all the allegations in the complaint are true
> (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*,
> 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);
> *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d
> 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals
> based on a judge's disbelief of a complaint's factual allegations");
> *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90
> (1974) (a well-pleaded complaint may proceed even if it appears
> "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise
> a claim of entitlement to relief, " 'this basic deficiency should ... be
> exposed at the point of minimum expenditure of time and money by
> the parties and the court.' " 5 Wright & Miller § 1216, at 233-234
> (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645
> (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v.
> Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at
> 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals,
> Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by
> designation) ("[S]ome threshold of plausibility must be crossed at
> the outset before a patent antitrust case should be permitted to go
> into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

*Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

As the Court reads the Complaint, Plaintiff is asking the Court to award him $40 million in damages because (1) his probation was revoked on hearsay provided by Defendant Brandon Hayes, a Montgomery County Adult Probation Officer, and (2) he pled guilty to tampering with evidence at the request of some unidentified person in the Administrative Office of Montgomery

County Sheriff Phil Plummer when he was promised he would receive no jail time for this new conviction.

The Complaint should be dismissed without prejudice under the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994). That case holds

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

*Id*. at 486-487. Plaintiff states that he has a pending appeal in the Second District Court of Appeals. If that court overturns his conviction or probation revocation on either of the grounds on which he has sued, he can then return to this Court and refile his case.

July 25, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

4

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).